IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ISAAC M. NSEJJERE, | ) | No. 81472-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFC LEOPARDS FOOTBALL CLUB, | ) | UNPUBLISHED OPINION |
| ALLAN KASAVULI, PATRICK NGAIRA, | ) | |
| GEORGE ALADWA, ESTHER | ) | |
| LUVEMBE, TIMOTHY LILUMBI, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

VERELLEN, J. — Isaac Nsejjere appeals the superior court's denial of his motion for summary judgment and dismissal of his action for unacceptable litigation practices. Nsejjere argues he provided adequate proof of service of process on a soccer club in Kenya by means of a letter rogatory consistent with CR 4(i)(1)(B) but fails to meet his burden of citing pertinent legal authority or providing adequate legal argument. We affirm.

FACTS

Around September 2019, appellant Isaac Nsejjere filed a complaint in King County Superior Court against the AFC Leopards Football Club, a professional soccer team based in Kenya, and individuals whom he alleged were team officials. Nsejjere alleged claims of promissory estoppel, promissory fraud, and equitable estoppel.

Nsejjere requested that the superior court issue a letter rogatory, and the court did. The letter rogatory requested that the appropriate judicial authority of Kenya permit service of process on the defendants.

On February 20, 2020, Nsejjere filed a motion for summary judgment. Nsejjere attached a copy of the letter rogatory issued by superior court as exhibit F to the motion.

On May 1, 2020, the superior court denied Nsejjere's motion for summary judgment without prejudice for lack of sufficient proof of service. The court explained:

> In relevant part, for service in a foreign country, service is "sufficient if service of the summons and complaint is made . . . as directed by the foreign authority in response to a letter rogatory," and "must be reasonably calculated, under all circumstances, to give actual notice." CR 4(i)(1). There is no indication in the Motion or Mathew Musotsi's Affidavit of Service that service was effectuated as directed by the appropriate foreign authority, or that service was reasonably calculated under the circumstances to give actual notice.[1]

On May 8, 2020, Nsejjere filed a motion for reconsideration. Nsejjere attached a copy of the letter rogatory as exhibit F, as he had in his motion for summary judgment. However, this letter rogatory had a stamp on the first and last pages which read "High Court of Kenya Milimani Received 19 Sep 2019 Civil Registry Civil Division."[2] Besides the addition of the stamp, the exhibit was identical to the exhibit F that Nsejjere had attached to his motion for summary judgment. Nsejjere offered no explanation why the exhibit F to the summary

---

[1] Clerk's Papers (CP) at 92.

[2] CP at 117-19.

judgment motion lacked any purported stamp of the High Court of Kenya, but the exhibit F to the motion for reconsideration did include that stamp.

On May 15, 2020, the superior court denied Nsejjere's motion for reconsideration. The superior court ruled that Nsejjere had not proven service under the civil rules because he lacked evidence that a Kenyan court actually directed service. The superior court further ruled that the second stamped copy of the letter rogatory, submitted by Nsejjere as exhibit F to his motion to reconsider, was not credible and not authentic. The court dismissed Nsejjere's action for unacceptable litigation practices because he submitted the inauthentic exhibit F. Nsejjere appeals.

ANALYSIS

It is critical that an appellant provide adequate briefing on the issues raised on appeal.[3] We "will not review issues for which inadequate argument has been briefed or only passing treatment has been made."[4] He also has the burden to provide authority supporting his legal theories on appeal.[5]

Nsejjere's brief cites incorrect legal standards. For example, Nsejjere contends the standard of review is "clear error," relying on inapplicable federal

---

[3] See RAP 10.3.

[4] State v. Thomas, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004) (emphasis added).

[5] Arguments that are not supported by pertinent authority or meaningful analysis need not be considered. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (arguments not supported by adequate argument and authority).

case law rather than Washington authority. Throughout his brief, he cites about two dozen inapplicable federal cases and multiple inapplicable California and Florida state decisions. While he does cite some Washington case law, none of those cases actually address the issues he seeks to raise on appeal.

Specifically, the briefing on appeal does not include pertinent legal authority to address or only treats in passing: the actual standard of review applicable to the trial court rulings; the requirements for a valid declaration of service of process made in a foreign country based on a letter rogatory; the proper means of proof of direction by a foreign authority for service based upon a letter rogatory; the discretion of the trial court to reject a motion for reconsideration purporting to rely on new evidence; the impact of a lack of explanation for why the copy of the letter rogatory filed in support of the motion for summary judgment lacks any stamp of the Kenyan High Court and why the version of that same document filed in support of the motion for reconsideration several months later does include such a stamp; any authority supporting his contention that a trial court should engage in direct communication by telephone with a foreign authority dealing with a letter rogatory; and the impact of an order of dismissal that does not recite it is a dismissal with prejudice.[6]

---

[6] Nsejjere also has not provided any report of proceedings and appears to rely on facts outside the record on appeal such as the provision of direct contact information for the High Court of Kenya and the trial court's lack of attempting any direct contact with the foreign authority.

We are not obligated to research the merits on issues that have not been adequately briefed by the appellant. We decline to do so here.

Affirmed.

WE CONCUR: